UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-1864 JGB (BFMx)** | Date | October 30, 2025 |
|---|---|---|---|
| Title | *Angelina Hernandez v. Experian Information Solutions, Inc.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present    None Present

**Proceedings:**   Order (1) DISMISSING the Instant Case; and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)

On July 22, 2025, plaintiff Angelina Hernandez ("Plaintiff"), proceeding pro se, filed a complaint against Experian Information Solutions Inc. ("Defendant"). ("Complaint," Dkt. No. 1). On the same day, Plaintiff filed an in forma pauperis request. ("IFP," Dkt. No. 3.) Plaintiff alleged that Defendant violated the Fair Credit Reporting Act (FRCA), 15 U.S.C. § 1681 et seq. (See Complaint.)

On September 4, 2025, the Court dismissed the IFP request because the complaint failed to state a claim. ("Order," Dkt. No. 8.) The Court granted leave to file an amended complaint by October 6, 2025. Plaintiff has not filed an amended complaint within that time frame.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). The Court finds that Plaintiff has failed to prosecute this case with reasonable diligence and that dismissal is therefore appropriate.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995)

(failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order).  The Court need not weigh these factors explicitly.  See Ghazali, 46 F.3d at 53–54.  Because Plaintiff failed to state a claim in the Complaint and failed to file an amended complaint within the time granted by the Court, the Court finds that the factors weigh in favor of dismissal.  The Court is **DIRECTED** to close the case.

    **IT IS SO ORDERED.**